# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-51026
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2018

Lyle W. Cayce
Clerk

TATE CLARK,

> Plaintiff-Appellant

v.

SOUTHWEST AIRLINES COMPANY,

> Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-910

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Tate Clark appeals the district court's grant of summary judgment dismissing with prejudice his retaliation action against his former employer, Defendant-Appellee Southwest Airlines Company. At the time that Southwest fired Clark from his job as a customer service agent, he had been taking time off from work under the FMLA because of chronic migraine headaches. The parties do not dispute that Clark was engaged in a

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 17-51026

protected activity and that his firing by Southwest was a materially adverse action against him. They do not agree, however, that there was a causal link between Clark's protected activity and Southwest's adverse action in firing him, even though for years he had never been denied FMLA leave. Southwest contends that Clark's termination had nothing to do with his FMLA absences, but was based solely on Clark's comments to a co-worker that he wished he could order a black trench coat so that he could bring his shotgun to work, a violation of Southwest's Zero Tolerance Workplace Violence Policy.

We have reviewed the briefs of the parties and Clark's record excerpts, including the district court's detailed and extensive October 26, 2017 Order, fully and accurately explicating (1) the background of this case, (2) its framework under the FMLA, (3) Clark's prima facie case of retaliation, (4) Southwest's reasons, unrelated to the FMLA, for firing Clark, and (5) Clark's failure to establish pretext in the reasons given by Southwest despite the proximity between his last FMLA absence and the date he was fired. Regardless of the cogent and highly professional argument advanced in the brief filed herein by Clark's counsel, we are satisfied beyond cavil that the district court properly dismissed Clark's action with prejudice for essentially the reasons set forth in its above said Order.

AFFIRMED.